UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD NICODEMUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 3:23-cv-744 |
| | ) |
| CITY OF SOUTH BEND, INDIANA, | ) |
| | ) |
| Defendant. | ) |

**Complaint for Declaratory and Injunctive Relief / Notice of Challenge to the Constitutionality of an Indiana Statute**

**Introduction**

1.      Indiana Code § 35-44.1-2-14, which became effective on July 1, 2023, prohibits a person from knowingly and intentionally approaching within 25 feet of a law enforcement officer after the officer has ordered the person to stop. Failing to heed the officer is a Class C misdemeanor. The statute does not require that the officer be interfered with in any way before ordering a person from stopping their approach. The statute contains no standards to constrain the officer's ability to issue such a prohibition.

2.      Donald Nicodemus is a citizen-journalist who lives in South Bend, Indiana, and monitors the activity of public-safety personnel, primarily the South Bend Police, and who regularly posts videos, some live, on his YouTube channel Freedom 2 Film, which has more than 23,000 subscribers. He does this both to monitor the police and to inform the greater community of what he deems to be newsworthy activities. South Bend police

[1]

have already enforced Indiana Code § 35-44.1-2-14 against him to prevent him from getting close enough to be able to observe and record their activities, and he reasonably believes that it will continue to be enforced against him in the future.

3. Indiana Code § 35-44.1-2-14 will therefore negatively affect Mr. Nicodemus's ability to engage in his constitutional right to observe and record the police without interfering with their activities and to broadcast these observations to other persons. The statute violates the First Amendment and is unconstitutional. Appropriate declaratory and injunctive relief should be issued.

**Jurisdiction, venue, and cause of action**

4. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this district pursuant 28 U.S.C. § 1391.

6. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and by 28 U.S.C. §§ 2201, 2202.

7. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

8. Donald Nicodemus is a resident of South Bend, Indiana.

9. South Bend, Indiana, is a city in northern Indiana. The police department for the City of South Bend is the South Bend Police Department.

**The challenged statute**

10. Indiana Code § 35-44.1-2-14 provides, in its entirety:

> A person who knowingly or intentionally approaches within twenty-five (25) feet of a law enforcement officer lawfully engaged in the execution of the law enforcement officer's duties after the law enforcement officer has ordered the person to stop approaching commits unlawful encroachment on an investigation, a Class C misdemeanor.

**Facts**

11. Donald Nicodemus is a citizen-journalist.

12. For a number of years he has recorded police activity, primarily in South Bend.

13. He does this both because he wishes citizens to be able to see newsworthy activities so they understand activities of the police and because he believes that to the extent his recordings expose inappropriate or problematic law enforcement behavior, shining a light on it will help to end the behavior.

14. He has a YouTube channel, "Freedom 2 Film," which has more than 23,000 subscribers at the current time.

15. He notes on the YouTube channel that "[t]his channel is about exercising my God Given rights as an American . . . [f]ilming police activity and news worthy situations in South Bend Indiana and surrounding areas."

16. He posts his videos to his YouTube channel and at times will live stream video recordings.

17. He makes it a point not to, and does not interfere, with law enforcement officers

while he is recording them.

18. While he does not interfere with law enforcement officers he will, at times, get closer than 25 feet from the officers to be able to both see and hear them and to create video recordings that are discernable to those who will see and listen to them.

19. On or about July 20, 2023, after midnight, Mr. Nicodemus heard on his police scanner, a radio that monitors police radio traffic, that shots had been fired near the intersection of North Brookfield Street and Lincoln Way West in South Bend.

20. In this area Lincoln Way West is a four-lane road, with two lanes in each direction.

21. Mr. Nicodemus went to the scene. There were a number of South Bend police cars and officers present.

22. There was no active shooting or any other unlawful activity taking place. However, on the sidewalk at the southwest corner of the intersection there were police officers examining bullet casings and it was clear that this was the scene of the shooting.

23. Mr. Nicodemus went to the sidewalk on the northeast corner of the intersection, which was much further than 25 feet from the area of police activity. Other persons were at this location as well.

24. He began to live stream the event to "Freedom 2 Film."

25. He was not interfering in any way with the police investigation.

26. After approximately 9 minutes an officer from the South Bend Police Department, Officer Stepp, crossed Lincoln Way West and said that Mr. Nicodemus and the others

who had assembled had to move back. The officer stepped off what he indicated was 25 feet from the corner across Brookfield Street from where Mr. Nicodemus and the others were standing and told them that they had to move further away from the crime scene. Mr. Nicodemus and the others moved to the location ordered by Officer Stepp.

27.     Before being directed to move by Officer Stepp, there was a disturbance, with people yelling, that was occurring in front of a home that was west of Brookfield Street on the north side of Lincoln Way West. Mr. Nicodemus was unable to determine what was happening at the scene of the disturbance, which was much further than 25 feet from Mr. Nicodemus, even before he was ordered further back by Officer Stepp.

28.     After approximately 12 minutes, another South Bend police officer, Officer Veal, approached Mr. Nicodemus and others who were gathered at the "25 foot" point ordered by Officer Stepp.

29.     Officer Veal said he was the "crime scene tech" and that this was his crime scene and that Mr. Nicodemus and other persons had to move back another 25 feet.

30.     Officer Veal threatened that those on the corner, including Mr. Nicodemus, would go to jail if they did not move back another 25 feet, stating that there was a "new law," apparently referring to Indiana Code § 35-44.1-2-14

31.     Officer Veal apparently interpreted Indiana Code § 35-44.1-2-14 as allowing police to repeatedly push persons back 25 feet at a time based solely on a police officer ordering this.

[5]

32. Officer Veal gave Mr. Nicodemus a tape measure and told him he had to move back while holding the tape measure. Mr. Nicodemus complied, although the tape measure only stretched 10 feet.

33. There was no basis for forcing Mr. Nicodemus to move even further back from the area—fully across the street—where police where conducting their activities. However, Mr. Nicodemus complied as he had been threatened with arrest.

34. Mr. Nicodemus intends to continue to record the activity of the South Bend police in his role as a citizen-journalist.

35. The South Bend Police Department is utilizing Indiana Code § 35-44.1-2-14 and is likely to apply it against Mr. Nicodemus in the future given the frequency with which he records police activities and given his past experience of the police enforcing the statute against him.

36. The unbridled discretion given to law enforcement officers by Indiana Code § 35-44.1-2-14 allows for and invites content and viewpoint based discrimination.

37. At all times defendant has acted and will continue to act under color of state law.

38. Plaintiff is being caused irreparable harm for which there is no adequate remedy of law.

**Legal claim**

39. Indiana Code § 35-44.1-2-14 violates the First Amendment as it gives police officers unbridled discretion to prohibit citizens from approaching within 25 feet of the officers

to observe their actions, even if the actions of the citizens are not and will not interfere with the police.

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

a. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b. Pursuant to Rule 5.1(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2403, certify this constitutional challenge to a state statute to the Indiana Attorney General.

c. Declare that Indiana Code § 35-44.1-2-14 is unconstitutional as applied to plaintiff.

d. Enter a preliminary injunction, later to be made permanent, enjoining the enforcement of Indiana Code § 35-44.1-2-14.

e. Award plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

f. Award all other proper relief.

Kenneth J. Falk
Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiff

[7]