United States District Court
Northern District of Indiana
South Bend Division

| | |
|---|---|
| **Donald Nicodemus**; *Plaintiff*, v. **City of South Bend, Indiana**; *Defendant*. | **Civil Case No.** 3:23-cv-744 DRL-MGG |

## State of Indiana's Motion to Intervene

The State of Indiana, by and through Indiana Attorney General Todd Rokita, moves for leave to intervene for the purpose of defending the constitutionality of Indiana Code § 35-44.1-2-14, which makes a Class C misdemeanor of "Unlawful encroachment on an investigation." In support of this motion, the State asserts as follows:

1. The Plaintiff here seeks a declaratory judgment and preliminary and permanent injunction against enforcement of Indiana Code § 35-44.1-2-14 on the basis that the statute violates the First Amendment. *See*, *e.g.*, Complaint (ECF No. 1) at ¶¶ 3, 6, 39; p. 7 (Request for Relief), subparagraph d. Plaintiff has named the City of South Bend, Indiana, and the South Bend Police Department as defendants, *Id.* at ¶ 9. As is apparent from this, the Complaint challenges the constitutionality of a state statute, and expressly requested that this challenge be certified to the Indiana Attorney General pursuant to Rule 5.1(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2403. *Id.* p.7 (Request for Relief), subparagraph b.

2. On August 10, 2023, this Court entered an order (ECF No. 8) certifying the matter as

**Motion to Intervene**

challenging the constitutionality of Indiana Code § 35-44.1-2-14 ("Certification Order"), and on August 11, counsel for Plaintiff emailed the Certification Order to Solicitor General Thomas M. Fisher, and sent notice of the same to the Office of Attorney General. *See Corrected Report of Counsel*, ECF No. 10.

3. Section 2403(b) provides that where a district court has certified that "the constitutionality of any statute of [a] State affecting the public interest is drawn in question," in any "proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party," the court "*shall* permit the State to intervene . . . on the question of constitutionality."

4. As the Complaint makes plain and Plaintiff and this Court have observed, this action questions the constitutionality of § 35-44.1-2-14; equally plain is the fact that neither the State nor any agency, officer, or employee thereof is a presently a party, and, accordingly, § 2304(b) provides that the court "*shall* permit the State to intervene" to defend the constitutionality of the statute, and that "the State shall . . . have all the rights of a party" (emphasis added). [1]

5. The State of Indiana, by its Attorney General, wishes to intervene and be so heard concerning the constitutionality of the Statute.[2]

6. Plaintiff's counsel has been consulted and consents to this intervention.

---

[1] *See also Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1054 (7th Cir. 2004) (noting, without comment, that in an analogous constitutional challenge to Indiana law, "[t]he State of Indiana has intervened as a matter of right pursuant to 28 U.S.C. § 2403(b) to defend the constitutionality of the law.").

[2] The State of Indiana intervenes pursuant to the 28 U.S.C.A. § 2403, which contemplates that when the constitutionality of a state statute is called into question, the intervenor is the State. By intervening, the State of Indiana does not in any way waive sovereign immunity.

**Motion to Intervene**                                    2

WHEREFORE, the State of Indiana respectfully requests:

1. That the Court grant the State of Indiana leave to intervene;

2. That the Court amend the case caption to reflect such intervention;

3. That the Court make the State of Indiana a party to this action for the purposes and with all the rights provided by 28 U.S.C.A. § 2403 and in accordance with the Federal Rules of Civil Procedure, and that the State of Indiana shall receive notice of all proceedings in this action.

Dated: August 21, 2023

Respectfully Submitted,

Theodore E. Rokita
Indiana Attorney General
Attorney No. 18857-49

By:
/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar #2838-84
The Bopp Law Firm, PC
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
*Counsel for Intervenor*

## Certificate of Service

I certify that on this 21st day of August 2023, a copy of the foregoing was filed electronically with the Clerk of this Court and by Notice of Electronic Filing was served on the below-named parties:

Gavin M Rose
grose@aclu-in.org
Stevie J Pactor
spactor@aclu-in.org
Kenneth J Falk
kfalk@aclu-in.org

ACLU of Indiana
1031 E Washington St
Indianapolis, IN 46202
317-635-4059 Ext 106
Fax: 317-635-4105


Matthew S Clark
Knight Hoppe Kurnik & Knight Ltd - Ros/IL
5600 N River Rd Ste 600
Rosemont, IL 60018-5114
847-261-0700
Fax: 847-261-0714
mclark@khkklaw.com

Joseph W Smith
Knight Hoppe Kurnik & Knight Ltd - Mer/IN
233 E 84th Dr Ste 301
Merrillville, IN 46410
219-322-0830
Fax: 219-322-0834


 /s/ James Bopp, Jr.
James Bopp, Jr.