UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD NICODEMUS, <br>     PLAINTIFF, <br><br> v. <br><br> CITY OF SOUTH BEND, INDIANA, <br>     DEFENDANT, <br><br> AND <br><br> STATE OF INDIANA, <br>     INTERVENOR. | CAUSE NO. 3:23-CV-744-DRL-MGG |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITY OF SOUTH BEND, INDIANA**

Defendant CITY OF SOUTH BEND, INDIANA, by and through its attorneys MATTHEW S. CLARK and JOSEPH W. SMITH of KNIGHT, HOPPE, KURNIK & KNIGHT, LTD., and, for its answer to Plaintiff's Complaint for Declaratory and Injunctive Relief (ECF #1), admits and denies as follows:

**Introduction**

1. Indiana Code § 35-44.1-2-14, which became effective on July 1, 2023, prohibits a person from knowingly and intentionally approaching within 25 feet of a law enforcement officer after the officer has ordered the person to stop. Failing to heed the officer is a Class C misdemeanor. The statute does not require that the officer be interfered with in any way before ordering a person from stopping their approach. The statute contains no standards to constrain the officer's ability to issue such a prohibition.

**ANSWER:** **Defendant City of South Bend admits that IC 35-44.1-2-14 became effective on July 1, 2023, and denies that Paragraph 1 of the Complaint accurately describes the text of the statute.**

2. Donald Nicodemus is a citizen-journalist who lives in South Bend, Indiana, and monitors the activity of public-safety personnel, primarily the South Bend Police, and who regularly posts videos, some live, on his YouTube channel Freedom 2 Film, which has more than 23,000 subscribers. He does this both to monitor the police and to inform the greater community of what he deems to be newsworthy activities. South Bend police have already enforced Indiana Code § 35-44.1-2-14 against him to prevent him from getting close enough to be able to observe and record their activities, and he reasonably believes that it will continue to be enforced against him in the future.

**ANSWER:** **Defendant City of South Bend admits that it has applied IC 35-44.1-2-14 to prevent Plaintiff from encroaching on an investigation, and lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2 of the Complaint.**

3. Indiana Code § 35-44.1-2-14 will therefore negatively affect Mr. Nicodemus's ability to engage in his constitutional right to observe and record the police without interfering with their activities and to broadcast these observations to other persons. The statute violates the First Amendment and is unconstitutional. Appropriate declaratory and injunctive relief should be issued.

**ANSWER:** **Defendant City of South Bend denies the allegations contained in Paragraph 3 of the Complaint.**

**Jurisdiction, venue, and cause of action**

4. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

**ANSWER:** **Defendant City of South Bend admits that the Court has subject matter jurisdiction under 28 U.S.C. § 1331, but denies that the events occurred as alleged in the Complaint.**

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**ANSWER:** **Defendant City of South Bend admits that venue in this Court is proper pursuant to 28 U.S.C. § 1391, but denies that the events occurred as alleged in the Complaint.**

6. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and by 28 U.S.C. §§ 2201, 2202.

**ANSWER:** **Paragraph 6 of the Complaint contains a conclusion of law that does not call for an answer, but, to the extent that an answer is required, Defendant City of South Bend denies the allegations contained in Paragraph 6 of the Complaint.**

7. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**ANSWER:** **Defendant City of South denies that it deprived Plaintiff of his constitutional rights.  The remaining allegations contained in Paragraph 7 of the Complaint are conclusions of law that do not call for an answer, but, to the extent that an answer is required, they are denied.**

**Parties**

8. Donald Nicodemus is a resident of South Bend, Indiana.

...

**ANSWER:** **Defendant City of South Bend lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.**

9. South Bend, Indiana, is a city in northern Indiana. The police department for the City of South Bend is the South Bend Police Department.

**ANSWER:** **Defendant City of South Bend admits the allegations contained in Paragraph 9 of the Complaint.**

**The challenged statute**

10. Indiana Code § 35-44.3-2-14 provides, in its entirety:

> A person who knowingly or intentionally approaches within twenty-five (25) feet of a law enforcement officer lawfully engaged in the execution of the law enforcement officer's duties after the law enforcement officer has ordered the person to stop approaching commits unlawful encroachment on an investigation, a Class C misdemeanor.

**ANSWER:** **Defendant City of South Bend admits the allegations contained in Paragraph 10 of the Complaint.**

**Facts**

11. Donald Nicodemus is a citizen-journalist.

**ANSWER:** **Defendant City of South Bend lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.**

12. For a number of years he has recorded police activity, primarily in South Bend.

**ANSWER:** **Defendant City of South Bend lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.**

13. He does this both because he wishes citizens to be able to see newsworthy activities so they understand activities of the police and because he believes that to the extent his recordings expose inappropriate or problematic law enforcement behavior, shining a light on it will help to end the behavior.

**ANSWER:** **Defendant City of South Bend lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint.**

14. He has a YouTube channel, "Freedom 2 Film," which has more than 23,000 subscribers at the current time.

**ANSWER:** **Defendant City of South Bend lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.**

15. He notes on the YouTube channel that "[t]his channel is about exercising my God Given rights as an American … [f]ilming police activity and news worthy situations in South Bend Indiana and surrounding areas."

**ANSWER:** **Defendant City of South Bend lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.**

16. He posts is videos to his YouTube channel and at times will live stream video recordings.

**ANSWER:** **On information and belief, Defendant City of South Bend admits the allegations contained in Paragraph 16 of the Complaint.**

17. He makes it a point not to, and does not interfere, with law enforcement officers while he is recording them.

**ANSWER:** **Defendant City of South Bend lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.**

18. While he does not interfere with law enforcement officers he will, at times, get closer than 25 feet from the officers to be able to both see and hear them and to create video recordings that are discernable to those who will see and listen to them.

**ANSWER:** **Defendant City of South Bend lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.**

19. On or about July 20, 2023, after midnight, Mr. Nicodemus heard on his police scanner, a radio that monitors police radio traffic, that shots had been fired near the intersection of North Brookfield Street and Lincoln Way West in South Bend.

**ANSWER:** **Defendant City of South Bend lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.**

20. In this area Lincoln Way West is a four-lane road, with two lanes in each direction.

**ANSWER:** **Defendant City of South Bend denies the allegations contained in Paragraph 20 of the Complaint.**

21. Mr. Nicodemus went to the scene. There were a number of South Bend police cars and officers present.

**ANSWER:    Defendant City of South Bend admits the allegations contained in Paragraph 21 of the Complaint.**

22. There was no active shooting or any other unlawful activity taking place. However, on the sidewalk at the southwest corner of the intersection there were police officers examining bullet casings and it was clear that this was the scene of the shooting.

**ANSWER:    Defendant City of South Bend admits that, at some point during the times alleged in the Complaint, police officers were examining bullet casings on the southwest corner of the intersection of Lincoln Way West and Brookfield, and lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 22 of the Complaint.**

23. Mr. Nicodemus went to the sidewalk on the northeast corner of the intersection, which was much farther than 25 feet from the area of police activity. Other persons were at this location, as well.

**ANSWER:    Defendant City of South Bend admits that, at some point during the times alleged in the Complaint, Plaintiff was on the sidewalk near the northeast corner of the intersection of Lincoln Way West and Brookfield, admits that, at some points during the times alleged in the Complaint, other persons were also present at that location, and denies that the northeast corner of the intersection was much farther than 25 feet from the area of police activity.**

24. He began to live stream the event to "Freedom 2 Film."

**ANSWER:** **Upon information and belief, Defendant City of South Bend admits the allegations contained in Paragraph 24 of the Complaint.**

25. He was not interfering in any way with the police investigation.

**ANSWER:** **Defendant City of South Bend admits only that Plaintiff was not interfering with the police investigation at all times while he was present at the northeast corner of Lincoln Way West and Brookfield. Otherwise, Paragraph 25 of the Complaint is denied.**

26. After approximately 9 minutes an officer from the South Bend Police Department, Officer Stepp, crossed Lincoln Way West and said that Mr. Nicodemus and the others who had assembled had to move back. The officer stepped off what he indicated was 25 from the corner across Brookfield Street from where Mr. Nicodemus and the others were standing and told them that they had to move further away from the crime scene. Mr. Nicodemus and the others moved to the location ordered by Officer Stepp.

**ANSWER:** **Defendant City of South Bend admits that Officer Stepp crossed Lincoln Way West and stepped off what he indicated was 25 feet from the northwest corner of Lincoln Way West and Brookfield Street. Defendant City of South Bend denies that Plaintiff and the other individual with him were standing on the corner of the intersection at that time. Defendant City of South Bend denies the remaining allegations contained in Paragraph 26 of the Complaint.**

27. Before being directed to move by Officer Stepp, there was a disturbance, with people yelling, that was occurring in front of a home that was west of Brookfield Street on the north side of Lincoln Way West. Mr. Nicodemus was unable to determine what was happening at the scene of the disturbance, which was much further than 25 feet from Mr. Nicodemus, even before he was ordered further back by Officer Stepp.

**ANSWER:** **Defendant City of South Bend admits only that there was a disturbance, with people yelling, west of Plaintiff's location on Lincoln Way West, and that Officer Stepp told Plaintiff that he had to stay back as Plaintiff was walking into the crime scene. The remaining allegations contained in Paragraph 27 of the Complaint are denied.**

28. After approximately 12 minutes, another South Bend police officer, Officer Veal, approached Mr. Nicodemus and others who were gathered at the "25 foot" point ordered by Officer Stepp.

**ANSWER:** **Defendant City of South Bend admits that South Bend Police Officer Veal approached Plaintiff and others who were at or near the location that Officer Stepp had indicated was 25 feet from the crime scene. Defendant City of South Bend lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 28 of the Complaint.**

29. Officer Veal said he was the "crime scene tech" and that this was his crime scene and that Mr. Nicodemus and other persons had to move back another 25 feet.

**ANSWER:** **Defendant City of South Bend admits the allegations contained in Paragraph 29 of the Complaint.**

30. Officer Veal threatened that those on the corner, including Mr. Nicodemus, would go to jail if they did not move back another 25 feet, stating that there was a "new law," apparently referring to Indiana Code § 35-44.1-2-14.

**ANSWER:** **Defendant City of South Bend admits the allegations contained in Paragraph 30 of the Complaint.**

31. Officer Veal apparently interpreted Indiana Code § 35-44.1-2-14 as allowing police repeatedly push persons back 25 feet at a time based solely on a police officer ordering this.

**ANSWER:** **Defendant City of South Bend denies the allegations contained in Paragraph 31 of the Complaint.**

32. Officer Veal gave Mr. Nicodemus a tape measure and told him he had to move back while holding the tape measure. Mr. Nicodemus complied, although the tape measure only stretched 10 feet.

**ANSWER:** **Defendant City of South Bend denies the allegations contained in Paragraph 32 of the Complaint.**

33. There was no basis for forcing Mr. Nicodemus to move even further back from the area—fully across the street—where police where [*sic*] conducting their activities. However, Mr. Nicodemus complied as he had been threatened with arrest.

**ANSWER:** **Defendant City of South Bend admits that Plaintiff complied with the order to move back 25, denies the allegations of Paragraph 33 of the Complaint to the extent that they may be read to imply that Plaintiff immediately complied with the order, lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations relating to Plaintiff's state of mind, and denies the remaining allegations contained in Paragraph 33 of the Complaint.**

34. Mr. Nicodemus intends to continue to record the activity of the South Bend police in his role as a citizen-journalist.

**ANSWER:** **Defendant City of South Bend lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint.**

35. The South Bend Police Department is utilizing Indiana Code § 35-44.1-2-14 and is likely to apply it against Mr. Nicodemus in the future given the frequency with which he records police activities and given his past experience of the police enforcing the statute against him.

**ANSWER:** **Defendant City of South Bend admits only that IC 35-44.1-2-14 was applied in this instance.  Defendant City of South Bend lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegation contained in Paragraph 35 of the Complaint.**

36. The unbridled discretion given to law enforcement officers by Indiana Code § 35-44.1-2-14 allows for and invites content and viewpoint based discrimination.

**ANSWER:** **Defendant City of South Bend denies the allegations contained in Paragraph 36 of the Complaint.**

37. At all times defendant has acted and will continue to act under color of state law.

**ANSWER:** **Defendant City of South Bend admits that, during the events alleged in the Complaint, it acted under color of state law.  Defendant City of South Bend lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 37 of the Complaint.**

38. Plaintiff is being caused irreparable harm for which there is no adequate remedy of law.

**ANSWER:** **Defendant City of South Bend denies that Plaintiff has suffered any harm, and therefore denies the allegations contained in Paragraph 38 of the Complaint.**

**Legal claim**

39. Indiana Code § 35-44.1-2-14 violates the First Amendment as it gives police officers unbridled discretion to prohibit citizens from approaching within 25 feet of the officers to observe their actions, even if the actions of the citizens are not and will not interfere with the police.

**ANSWER:** **Defendant City of South Bend denies the allegations contained in Paragraph 39 of the Complaint.**

WHEREFORE, plaintiff requests that this Court:

a. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b. Pursuant to Rule 5.1(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2403, certify this constitutional challenge to a state statute to the Indiana Attorney General.

c. Declare that Indiana Code § 35-44.1-2-14 is unconstitutional as applied to plaintiff.

d. Enter a preliminary injunction, later to be made permanent, enjoining the enforcement of Indiana Code § 35-44.1-2-14.

e. Award plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

f. Award all other proper relief.

**ANSWER:** **WHEREFORE, having fully answered, Defendant City of South Bend denies that Plaintiff is entitled to any relief whatsoever.**

## DEFENSES

By way of further answer, Defendant City of South Bend asserts the following affirmative and other defenses:

1. Plaintiff is not likely to succeed on the merits because he did not suffer a deprivation of his constitutional rights, and because no policy or custom of the City of South Bend was the moving force behind a deprivation of Plaintiff's constitutional rights.

2. Plaintiff has unclean hands, in that the first order to move back was the result of Plaintiff attempting to enter an active crime scene, and the second order to move back was the result of a verbal confrontation with South Bend police officers that was instigated by Plaintiff.

3. The courts of the State of Indiana have not yet had an opportunity to construe the scope of IC 35-44.1-2-14.  The Court should therefore decline to issue any declaratory or injunctive relief in this action.

4. Any allegation not expressly admitted is denied.

5. The Complaint fails to state a claim for which relief can be granted.

6. Defendant City of South Bend incorporates any affirmative defense asserted by any other party to this action.

7. Defendant City of South Bend reserves the right to assert additional affirmative defenses as they become known.

                                  Respectfully Submitted,

                                  /s/ Matthew S. Clark
                                  Matthew S. Clark (#33712-45)

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
5600 North River Road, Suite 600
Rosemont, Illinois 60018-5114
Telephone:    (847) 261-0700
Facsimile:    (847) 261-0714
E-Mail:    mclark@khkklaw.com

                                  Respectfully Submitted,

                                  /s/ Joseph W. Smith
                                  Joseph W. Smith (#29663-64)

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
233 East 84th Drive, Suite 301
Merrillville, Indiana 46410
Telephone:    (219) 322-0830
Facsimile:    (219) 322-0834
E-Mail:    jsmith@khkklaw.com

Attorneys for Defendant CITY OF SOUTH BEND, INDIANA

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 5, 2023, the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITY OF SOUTH BEND, INDIANA**, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Kenneth J. Falk kfalk@aclu-in.org
- Gavin M. Rose grose@aclu-in.org
- Stevie J. Pactor spactor@aclu-in.org
- Joseph W. Smith jsmith@khkklaw.com, dbotma@khkklaw.com
- Matthew S. Clark mclark@khkklaw.com, kstocco@khkklaw.com
- James Bopp, Jr. jboppjr@aol.com

                                  /s/ Joseph W. Smith