United States District Court
Northern District of Indiana
South Bend Division

| | |
|---|---|
| **Donald Nicodemus**; *Plaintiff*, v. **City of South Bend, Indiana**, *Defendant*, and **State of Indiana**, *Intervenor* | **Civil Case No.** 3:23-cv-744 DRL-MGG |

## Answer in Intervention of Attorney General

The State of Indiana, by and through Indiana Attorney General Todd Rokita, answers the complaint filed by Plaintiff ("Plaintiff's Complaint") as follows:

1. The State of Indiana admits Plaintiff challenges the constitutionality of Indiana Code § 35-44.1-2-14, denies that Paragraph 1 of the Complaint accurately describes the text of the statute and sets forth legal conclusions and questions of law to which no response is required.

2. The State of Indiana, although without direct knowledge, based on information and belief, admits that Indiana Code § 35-44.1-2-14 was applied to Plaintiff, and lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The State of Indiana denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

**Answer in Intervention**

4. The State of Indiana admits that the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

5. The State of Indiana admits that venue is proper in this district pursuant to 28 U.S.C. § 1391.

6. Paragraph 6 of Plaintiff's Complaint contains a conclusion of law that does not require an answer, but, to the extent that an answer is required, Intervenor the State of Indiana denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. The State of Indiana denies that a redressable deprivation of Plaintiff's rights secured by the Constitution of the United States occurred. The remaining allegations contained in Paragraph 7 of the Complaint are conclusions of law that do not call for an answer, but, to the extent that an answer is required, they are denied.

8. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8 of Plaintiff's Complaint.

9. The State of Indiana admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The State of Indiana admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11 of Plaintiff's Complaint.

12. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. The State of Indiana lacks sufficient knowledge or information to form a belief as

to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Although without direct knowledge, based on information and belief, the State of Indiana admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Although without direct knowledge, based on information and belief, the State of Indiana admits that, at some point during the times alleged in the Complaint, police officers were examining shell casings on the southwest corner of the intersection of Lincoln Way West and Brookfield, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of the other allegations in Paragraph 22 of Plaintiff's Complaint.

23. Although without direct knowledge, based on information and belief, the State of Indiana admits that, at some point during the times alleged in the Complaint, Plaintiff was on the sidewalk near the northeast corner of the intersection of Lincoln Way West and Brookfield, admits that, at some points during the times alleged in the Complaint, other persons were also present at that location, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24. Although without direct knowledge, based on information and belief, the State of Indiana admits the allegations in Paragraph 24 of Plaintiff's Complaint.

25. The allegation in Paragraph 25 of Plaintiff's Complaint contains a conclusion of law that does not call for an answer, but, to the extent that an answer is required, based on information and belief, the State of Indiana denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 26 of Plaintiff's Complaint.

27. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27 of Plaintiff's Complaint.

28. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Although without direct knowledge, based on information and belief, the State of Indiana admits the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Although without direct knowledge, based on information and belief, the State of Indiana admits the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Although without direct knowledge, based on information and belief, the State of Indiana denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Although without direct knowledge, based on information and belief, the State of Indiana denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Although without direct knowledge, based on information and belief, the State of Indiana admits that Plaintiff moved back at the officer's request, denies that he did so immediately, and lacks sufficient knowledge for form a belief as to the truth or falsity of any other allegations in Paragraph 33 of Plaintiff's Complaint.

34. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 34 of Plaintiff's Complaint.

35. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35 of Plaintiff's Complaint.

36. The allegation in Paragraph 36 of Plaintiff's Complaint contains a conclusion of law that does not call for an answer, but, to the extent that an answer is required, the State of Indiana denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37. Although without direct knowledge, based on information and belief, the State of Indiana admits that the City of South Bend acted under color of state law during the events alleged in the Complaint. The State of Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37 of Plaintiff's Complaint.

38. The State of Indiana denies that Plaintiff has suffered legally cognizable harm based on the events alleged in Plaintiff's Complaint.

**Answer in Intervention** 5

39. The State of Indiana denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. The State of Indiana denies that the Plaintiff is entitled to any relief.

### Defenses

Intervenor-Defendant State of Indiana asserts the following defense:

Plaintiff is not likely to succeed on the merits because he did not suffer a deprivation of his constitutional rights based on Indiana Code § 35-44.1-2-1.

Dated: September 5, 2023

Respectfully Submitted,

Theodore E. Rokita
Indiana Attorney General
Attorney No. 18857-49

By:
/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar #2838-84
The Bopp Law Firm, PC
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
*Counsel for Intervenor*

## Certificate of Service

I certify that on this 5th day of September 2023, a copy of the foregoing was filed electronically with the Clerk of this Court and by Notice of Electronic Filing was served on the below-named parties:

> Gavin M Rose
> grose@aclu-in.org
> Stevie J Pactor
> spactor@aclu-in.org
> Kenneth J Falk
> kfalk@aclu-in.org
>
> ACLU of Indiana
> 1031 E Washington St
> Indianapolis, IN 46202
> 317-635-4059 Ext 106
> Fax: 317-635-4105
>
> Matthew S. Clark
> Knight Hoppe Kurnik & Knight Ltd -
> 5600 N River Rd Ste 600
> Rosemont, IL 60018-5114
> 847-261-0700
> Fax: 847-261-0714
> mclark@khkklaw.com
>
> Joseph W. Smith
> Knight Hoppe Kurnik & Knight Ltd -
> 233 E 84th Dr Ste 301
> Merrillville, IN 46410
> 219-322-0830
> Fax: 219-322-0834
> jsmith@khkklaw.com

    /s/ James Bopp, Jr.
    James Bopp, Jr.