United States District Court
Northern District of Indiana
South Bend Division

| | |
|---|---|
| **Donald Nicodemus**; *Plaintiff*, v. **City of South Bend, Indiana**; *Defendant*, and **State of Indiana**, *Intervenor*. | **Civil Case No.** 3:23-cv-744 DRL-MGG |

## Defendant and Intervenor's Joint Motion to Consolidate

Pursuant to Federal Rules of Civil Procedure 65(a)(2), Defendant City of South Bend and Intervenor-Defendant State of Indiana respectfully move this Court to consolidate the hearing on Plaintiff Donald Nicodemus' Motion for Preliminary Injunction ("**PI Motion**") (ECF 7) with the trial on the merits of Mr. Nicodemus' Complaint for Declaratory and Injunctive Relief ("**Complaint**") (ECF 1). In support of this Motion, Defendant and Intervenor state as follows:

**I. Consolidation is proper to preserve judicial resources, avoiding duplicative proceedings.**

"Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2). This rule affords this Court broad discretion to consolidate a hearing on the merits with a preliminary injunction hearing. *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 458–59 (7th Cir. 1993) (finding "no error" even where the district court "did not advise the parties of its intent to reach the merits [at a preliminary injunction hearing]," because plaintiff-appellant's legal claim,

**Def. and Intervenor's Mot. to Consolidate**

"like its motion for a preliminary injunction, turned on a single question").

This rule is often used in civil rights actions where only declaratory and injunctive relief is sought and which involve limited questions of fact, or when factual issues are minimal and primarily legal issues are in dispute. *See, e.g.*, *Am. Train Dispatchers Dep't of Int'l Bhd. of Locomotive Engineers v. Fort Smith R. Co.*, 121 F.3d 267, 270 (7th Cir. 1997). In short, when "holding two separate proceedings . . . would be a waste of the court's time," such consolidation "appropriate[ly] . . . preserv[es] judicial resources . . . ." *Id.*

The parties should receive "clear and unambiguous notice" of consolidation "before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." *Pughsley*, 463 F.2d at 1057. However, the court's broad discretion to grant consolidation will not be overturned unless a showing of prejudice to a party is made. *Socialist Workers Party v. Illinois State Bd. of Elections,* 566 F.2d 586, 587 (7th Cir. 1977); *D. Patrick, Inc.*, 8 F.3d at 458–59.

## II. Consolidation is proper in this case.

Consolidation in this case serves the interests of justice. Consolidation per Fed. R. Civ. P. 65(a)(2) eliminates needless repetition of evidence that would otherwise be offered cumulatively at a preliminary injunction hearing and a trial on the merits of the same issue, thereby improving efficiency in the case without any distortion of the presentation of evidence by the parties. *See* Fed.R.Civ.P. 65(a)(2) advisory committee's note to 1966 amendment. Furthermore, consolidation is proper when "evidence received in connection with an application for a preliminary injunction which would be admissible on the trial on the merits forms part of the trial record." *See id.* Finally, consolidation will "expedite the final disposition of the action." *Id.*

**A. Resolution of this case turns on purely legal issues.**

Mr. Nicodemus has challenged the constitutionality of Indiana Code § 35-44.1-2-14 ("**Buffer Law**") on its face. Memorandum of Law in Support of Motion for Preliminary Injunction, ECF 20, 10, 12; *see generally id.* at 10–16. As a facial challenge, Mr. Nicodemus is not tasked with making a factual demonstration that the Buffer Law's particular application against him was unconstitutional. Instead, he must make the *legal* showing that the Buffer Law has *no* constitutional application or lacks a "plainly legitimate sweep," or that "a substantial number of its applications are unconstitutional" relative to its "plainly legitimate sweep." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450, 450 n.6 (2008) (cleaned up; citations omitted). Therefore, this case hinges on purely legal issues.

**B. The same evidence will be used for the preliminary injunction and the merits.**

Any factual evidence that may be required and gathered for the preliminary injunction determination will be relevant to the merits of this case, since the only issue in the case is the constitutionality of the Buffer Law. The parties will present these same facts at any hearing on the merits and, because the facts are straightforward, limited, and verified, *e.g.* ECF 20-1, or sworn, *e.g.* ECF 25-2, 25-3, 25-5, the parties will present the same facts at any hearing on the merits, and the standard of proof to which they will have been subjected is sufficient for their consideration on the merits. Therefore, consolidation will avoid needless repetition of evidence.

Thus, all of the facts necessary to determine the merits of the complaint are, or will be, before the Court at the preliminary injunction hearing. So consolidation of the decision on a preliminary injunction with the merits of the Complaint is proper.

**C. A decision on the merits will expedite resolution of this case.**

Consolidation will also provide for an expeditious resolution of this case, thereby

conserving judicial resources.

Only one question is at issue in this case. Accordingly, whether enforcement of Indiana Code § 35-44.1-2-14 should be enjoined, and whether Mr. Nicodemus is entitled to a preliminary injunction, will determine this matter. Accordingly, "holding two separate proceedings . . . would be a waste of the court's time[.]"*Am. Train Dispatchers*, 121 F.3d at 270. And consolidation "appropriate[ly] . . . preserv[es] judicial resources . . . ." *Id*.

Consolidation of the decision on a preliminary injunction with the merits of the Complaint will expeditiously resolve this case and preserve judicial resources.

## Conclusion

In sum, consolidation serves the interests of justice and is proper in this case for at least the following reasons: (1) Mr. Nicodemus' likelihood of success on the merits is decisive and will be before this Court as a matter of law at the hearing for preliminary injunction; (2) the same evidence is relevant to Mr. Nicodemus' preliminary injunction motion and the merits resulting in avoidance of needless repetition of evidence; and (3) it will expedite resolution of this case, preserving judicial resources. This Court should grant this Motion to Consolidate and provide adequate notice of such consolidation.

**WHEREFORE**, Defendant and Intervenor pray this Court grant this Motion to Consolidate the hearing on Mr. Nicodemus' PI Motion with any hearing on the merits of this case.

Dated: September 29, 2023

Joseph W. Smith, Ind. Bar No. 29663-64
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
233 East 84th Drive, Suite 301
Merrillville, IN 46410
JSmith@khkklaw.com
Phone: 219/322-0830
Fax: 219/322-0834

Matthew S. Clark, Ind. Bar No. 33712-45
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
5600 North River Road, Suite 600
Rosemont, Illinois 60018
mclark@khkklaw.com
Phone: 847/261-0700
Fax: 847/261-0714

*Attorneys for City of South Bend*

Respectfully Submitted,

Theodore E. Rokita
Indiana Attorney General
Ind. Bar No. 18857-49

By:
/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84
THE BOPP LAW FIRM, PC
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
jboppjr@aol.com
Phone: 812/232-2434
Fax: 812/235-3685

*Attorney for Intervenor*

**Def. and Intervenor's Mot. to Consolidate**    -5-

## Certificate of Service

I certify that on this 29th day of September 2023, a copy of the foregoing was filed electronically with the Clerk of this Court and by Notice of Electronic Filing was served on the below-named parties:

                                        Gavin M Rose
                                        grose@aclu-in.org
                                        Stevie J Pactor
                                        spactor@aclu-in.org
                                        Kenneth J Falk
                                        kfalk@aclu-in.org

                                        ACLU of Indiana
                                        1031 E Washington St
                                        Indianapolis, IN 46202
                                        317-635-4059 Ext 106
                                        Fax: 317-635-4105

                                       /s/ James Bopp, Jr.
                                        James Bopp, Jr.